**Patsy ROUSE, Plaintiff—Appellant,**

v.

**WAL–MART STORES, INC., a corporation, Defendant— Appellee.**

No. 06–35806.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 20, 2008.*

---

** The Honorable Stephen G. Larson, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Filed Oct. 23, 2008.

William S. Dames, Dames & Dames, Medford, OR, for Plaintiff–Appellant.

Kevin H. Kono, Esq., Timothy R. Volpert, Carol J. Bernick, Davis Wright Tremaine, LLP, Portland, OR, for Defendant–Appellee.

Before: THOMPSON, TASHIMA, and M. SMITH, Circuit Judges.

## MEMORANDUM **

This is an employee's diversity action against her former employer for breach of contract, promissory estoppel, intentional infliction of emotional distress, and invasion of privacy under state law. The district court dismissed plaintiff's intentional infliction of emotional distress and invasion of privacy claims and granted summary judgment to defendant on her breach of contract and promissory estoppel claims.

■ 1. The only possible evidence of an employment contract between plaintiff and Wal–Mart is an employees' handbook. The uncontroverted evidence showed, however, that both parties acknowledged that the handbook was not a contract. Absent a contract, there can be no claim for breach of contract.[1] *See Lawson v. Uma-*

R.App. P. 34(a)(2)(C).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Plaintiff also contends that Wal–Mart breached the covenant of good faith and fair dealing. Even assuming that plaintiff pleaded such a claim, it also requires the existence of a contract.

*tilla County,* 139 F.3d 690, 693 (9th Cir. 1998) (construing Oregon law).

2. The evidence on summary judgment also showed the absence of any evidence required to support the four elements of an estoppel claim. *See Furrer v. Sw. Or. Cmty. Coll.,* 196 Or.App. 374, 103 P.3d 118, 123 (2004).

3. The district court correctly dismissed plaintiff's intentional infliction of emotional distress claim because no allegation in the complaint comes even close to alleging the requisite conduct that constitutes "an extraordinary transgression of the bounds of socially tolerable conduct," a required element of such a claim. *See McGanty v. Staudenraus,* 321 Or. 532, 901 P.2d 841, 849 (1995) (citation and internal quotation marks omitted).

4. As for the invasion of privacy claim, the district court correctly concluded that the complaint failed to "allege sufficient facts that Defendant intentionally intruded into her private affairs or concerns." Indeed, the complaint alleges that it was *plaintiff* that sought Wal–Mart's involvement in her personal and marital affairs. Moreover, none of the conduct alleged on Wal–Mart's part can be characterized as "highly offensive."

The judgment of the district court is **AFFIRMED.**